**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000394**
**03-SEP-2025**
**08:02 AM**
**Dkt. 45 SO**

NO. CAAP-23-0000394

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CLAUDE LEE KEONE KRAUSE, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CPN-22-0000006)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

Claude Lee Keone **Krause** appeals from the **Order** *Denying Petitioner's Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody,* entered by the Circuit Court of the Third Circuit on July 20, 2023.[1]  We affirm.

On January 17, 2013, Krause was arrested by police on suspicion of murder.  On January 22, 2013, he was charged by **Complaint** in the District Court of the Third Circuit, Puna Division, with Murder in the Second Degree; Robbery in the First Degree; Burglary in the First Degree; Theft in the Second Degree; Carrying or Use of Firearm in the Commission of a Separate Felony; and Ownership or Possession Prohibited (2 counts).  He waived preliminary hearing and was committed to the circuit court for further proceedings.  He pleaded guilty to Murder in the

---

[1]  The Honorable Jeffrey A. Hawk presided.

Second Degree.  He was sentenced to life with the possibility of parole on December 9, 2014.  He did not appeal.

Krause, representing himself, filed a Hawai‘i Rules of Penal Procedure (**HRPP**) Rule 40 *Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody* on August 25, 2022.  Court-appointed counsel filed a supplement to the Petition on October 13, 2022.  The **State** of Hawai‘i moved for an extension of time to respond to the Petition.  Krause moved for an order declaring the State in default and granting the Petition.  The Circuit Court granted the State's motion.  The record does not contain an order on Krause's motion.

The Petition was heard on May 23, 2023.  The Circuit Court entered the Order, which denied the Petition and included findings of fact and conclusions of law, on July 20, 2023.  This appeal followed.

Krause contends the Circuit Court erred because **(1)** the State defaulted on its response to his Petition; **(2)** his defense counsel were ineffective; and **(3)** the circuit court lacked jurisdiction over him.  We review an order denying an HRPP Rule 40 petition de novo.  Warner v. State, 151 Hawai‘i 433, 437, 517 P.3d 716, 720 (2022).

**(1)**  Krause argues his Petition should have been granted because the State defaulted in responding.  HRPP Rule 40(d) allows the State to respond to a petition for post-conviction relief within 30 days, but doesn't require a response unless ordered by the Court.  The Circuit Court's order granting the State an extension of time to respond to Krause's Petition was allowed by HRPP Rule 40(d), which allows the State to respond "within such further time as the court may allow[.]"

Krause relies on Hawai‘i Rules of Civil Procedure (**HRCP**) Rule 55, about default of a party who fails to plead or otherwise defend "as provided by these rules[.]"  The HRCP apply only to "suits of a civil nature[.]"  HRCP Rule 1(a).  HRCP Rule 55 doesn't apply to HRPP Rule 40 petitions for post-conviction relief.  HRPP Rule 40 does not require or allow a

petition to be granted just because the State doesn't respond. Krause's first point of error lacks merit.

(2) Krause argues his defense counsel were ineffective. Krause waived this argument by failing to make it before he pleaded guilty. Warner, 151 Hawaiʻi at 437, 517 P.3d at 720. Even if it hadn't been waived, Krause's defense counsel were not ineffective.

We review a claim of ineffective assistance of counsel by looking at whether counsel's assistance was within the range of competence demanded of attorneys in criminal cases. State v. DeLeon, 131 Hawaiʻi 463, 478, 319 P.3d 382, 397 (2014). The defendant must show two things: (1) there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and (2) the errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. Id. at 478-49, 319 P.3d at 397-98. Krause argues two specific errors he claims demonstrate his counsels' lack of skill, judgment, or diligence.

(a) Krause first argues that defense counsel failed to move to dismiss the Complaint for failure to comply with Hawaii Revised Statutes (**HRS**) § 805-1, citing State v. Thompson, 150 Hawaiʻi 262, 500 P.3d 447 (2021). Krause was arrested five days before the Complaint was filed. "[B]ased on the plain language of HRS § 805-1 and Thompson, the requirements of HRS § 805-1 do not apply to complaints used to charge a defendant who has already been arrested." State v. Mortensen-Young, 152 Hawaiʻi 385, 397, 526 P.3d 362, 374 (2023). Krause's counsel were not ineffective for not moving to dismiss the Complaint.

(b) Krause next argues that defense counsel failed to move to dismiss the Complaint under State v. Obrero, 151 Hawaiʻi 472, 517 P.3d 755 (2022). There, the supreme court held that a defendant charged with second-degree murder could not be prosecuted based on a complaint filed in district court. But Obrero doesn't apply retroactively to a defendant who pled out before 2022. State v. Bautista, 153 Hawaiʻi 284, 289, 535 P.3d

1029, 1034 (2023).  Obrero does not apply here because Krause pleaded guilty and was sentenced before Obrero was decided. Krause's counsel were not ineffective for not moving to dismiss the Complaint.

**(3)**  Krause argues the State didn't file a complaint in circuit court after his case was committed from district court, which deprived the Circuit Court of jurisdiction over him.

> No rule requires the State to file a second complaint in circuit court.  It's plain, "[a] complaint may be filed in *either the district or circuit court*."  HRPP Rule 7(h)(2) (emphasis added).  Also, there's no requirement in chapters 805 and 806, covering criminal procedure in district court and circuit court, to refile a complaint after commitment from district court.

Bautista, 153 Hawaiʻi at 290, 535 P.3d at 1035.  Krause's third point of error lacks merit.

The Circuit Court's July 20, 2023 *Order Denying Petitioner's Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody* is affirmed.

DATED: Honolulu, Hawaiʻi, September 3, 2025.

On the briefs:

Walter J. Rodby,
for Petitioner-Appellant.

Patrick Muñoz,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge